**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FATIMA MCELVEEN         \| | Case Number |
|     Plaintiff             \| | |
|                     \| | |
|     vs.                 \| | |
|                     \| | |
| TRANS UNION, LLC     \| | |
|     &                  \| | |
| EXPERIAN INFORMATION   \| | |
| SOLUTIONS, INC.       \| | |
|     &                  \| | |
| EQUIFAX INFORMATION    \| | |
| SERVICES, LLC         \| | |
|     &                  \| | |
| HUNTINGTON          \| | |
| NATIONAL BANK        \| | |
|     Defendants          \| | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Fatima McElveen, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.	Plaintiff, Fatima McElveen, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and for relief from Defamation of Character.

**II. JURISDICTION & VENUE**

2.	Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.	Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

### III.  PARTIES

4.      Plaintiff, Fatima McElveen (hereinafter referred to as "Plaintiff") is an adult natural person residing in Philadelphia, PA.

5.      Defendant, Trans Union, LLC (hereinafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

8.      Defendant, Huntington National Bank (hereinafter referred to as "Defendant Huntingdon"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 17 South High Street, Columbus, Ohio 43215.

### IV.  FACTUAL ALLEGATIONS

9.      Defendant Huntington has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -1781.

10.     The information furnished by Defendant Huntington and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in her name.

11.     On or about February 4, 2022, Plaintiff  disputed the accuracy of the tradeline of Defendant Huntington with Defendants Trans Union, Experian and Equifax.

12.     In her disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in her name.

13.     Defendants Trans Union, Experian and Equifax acknowledged receipt of Plaintiff's disputes.

14.     It is believed and therefore averred that Defendants Trans Union, Experian and Equifax  notified Defendant Huntington of Plaintiff's disputes.

15.     Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax  indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

16.     Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

17.     Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform

reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

18.     Defendants Trans Union, Experian and Equifax (collectively, "the Credit Reporting Agencies") failed to maintain and follow reasonable procedures before, during and after Plaintiff's above-referenced disputes, thereby injuring Plaintiff.

19.     The Credit Reporting Agencies' investigation of Plaintiff's above-referenced disputes, at best, consisted of mere parroting of information from unreliable sources, namely, Defendant Huntington.

20.     Following Plaintiff's above-referenced disputes, Defendant Huntington failed to comply with the requirements imposed upon furnishers of information under the FCRA, thereby injuring Plaintiff.

21.     As of the date of the filing of this Complaint, Defendant Huntington continues to furnish credit data which is incorrect and materially misleading, and Defendants Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

22.     The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

23.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

4

24.     As a result of Defendants' actions and inactions, Plaintiff's credit has deteriorated substantially,  thereby  causing  Plaintiff to be denied credit for a Chase credit card, to be denied credit with other creditors, to have her existing credit lines lowered,  and to  refrain from  applying  for  additional  credit.

25.     As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate  and  finance  charges,  out-of-pocket  expenses  including  but  not  limited  to,  cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future  to  Plaintiff's  great  detriment  and  loss.

26.     As a result of Defendants' actions and inactions, Plaintiff has suffered great physical,  emotional  and  mental  pain  and  anguish,  and  Plaintiff  will  continue  to  suffer  the same  for  an  indefinite  time  into  the  future,  all  to  Plaintiff's  great  detriment  and  loss.

27.     As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages  in  the  form  of  financial  and  dignitary  harm  arising  from  the  injury  to  credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into  the  future,  all  to  Plaintiff's  great  detriment  and  loss.

28.     As  a  result  of  Defendants'  actions  and  inactions,  Plaintiff  has  suffered  a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing  on  Plaintiff's  credit  file.

## COUNT  I – FCRA
*Plaintiff  v.  All  Parties*

29.     Plaintiff  incorporates  the  foregoing  paragraphs  as  though  the  same  were  set forth  at  length  herein.

30.     At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

31.     At all times pertinent hereto, Defendant Huntington was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

32.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

33.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

34.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified.

35.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Huntington is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

36.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against said Defendants, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. §1681n;

c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.     Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Experian Information Solutions, Inc. & Equifax Information Services, LLC*

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     Defendants Trans Union, Experian and Equifax have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

39.     Defendants Trans Union, Experian and Equifax have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

40.     The inaccurate information published by Defendants Trans Union, Experian and Equifax is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

41.     Defendants Trans Union, Experian and Equifax have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

42.     The falsehoods within the trade lines of Huntington National Bank constitute falsehoods concerning Plaintiff's credit history.

43.     Defendants Trans Union, Experian and Equifax knew or reasonably should have known that the information regarding the trade lines of Huntington National Bank which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

44.     Defendants Trans Union, Experian and Equifax continue to publish the false and negative information within the trade lines of Huntington National Bank on Plaintiff's credit history up through the present time.

45.     Defendants Trans Union, Experian and Equifax knew that the information within the trade lines of Huntington National Bank on Plaintiff's credit report were false

8

and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

46.     The publications of the information within the trade lines of Huntington National Bank on Plaintiff's credit report constitute libel *per se*.

47.     In addition, and despite the notices from Plaintiff, Defendants Trans Union, Experian and Equifax  have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

48.     The conduct of Defendants Trans Union, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a.     Actual damages;

b.     Statutory damages;

c.     Punitive damages;

d.     An order directing the Defendants Trans Union, Experian and Equifax to immediately and permanently delete all of the inaccurate information from Plaintiff's credit

9

reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.      JURY  DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully  submitted,**

**VULLINGS  LAW  GROUP,  LLC**

**Date:  May  6,  2022**                    **BY:  */s/Brent  F.  Vullings* _____
                                        Brent  F.  Vullings,  Esquire
                                        Vullings  Law  Group,  LLC
                                        3953  Ridge  Pike
                                        Suite  102
                                        Collegeville,  PA  19426
                                        P:  610-489-6060
                                        F:  610-489-1997
                                        Attorney  for  Plaintiff
                                        bvullings@vullingslaw.com